IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLOS MARTINEZ and RAMON COLON CRUZ, individually and on behalf of all similarly situated persons,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WOODVALLEY LANDSCAPE, INC.,<br><br>　　　　Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Carlos Martinez and Ramon Colon Cruz (collectively "Plaintiffs") bring this collective action pursuant the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of all current or former persons employed by Defendant Woodvalley Landscape, Inc. ("Defendant") who performed landscaping duties, or materially similar work, and worked in excess of 40 hours per week at any time beginning three (3) years prior to the filing of this Collective Action Complaint to present without receiving overtime wages at one-and-one-half their regular rate. In violation of the FLSA and as a regular and routine practice, Defendant willfully failed to pay Plaintiffs and similarly situated persons one-and-one-half their regular

1

rate for all hours worked in excess of 40 hours per workweek, and instead willfully misclassified them as independent contractors and paid them at their regular rate for all time worked.  Plaintiff Carlos Martinez additionally asserts an individual claim for retaliatory termination in violation of the FLSA.  Plaintiffs show the Court as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other current and former non-exempt hourly employees who performed landscaping duties, and other similarly situated persons, who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action"), that Plaintiffs and the persons who opt into the Collective Action are, *inter alia*, entitled to (i) unpaid overtime wages from Defendant for time they worked in excess of 40 hours per week for which Defendant failed to pay them at one-and-one-half their regular rate; (ii) liquidated damages; (iii) interest; and (iv) attorneys' fees and costs.  Plaintiffs' Consents to Join are attached hereto as Exhibit A.

2. Plaintiff Carlos Martinez additionally asserts an individual claim under the FLSA for retaliatory termination.  Specifically, when Plaintiff Martinez complained that he was not receiving overtime wages and stated that he did not want

to work overtime hours without receiving overtime pay, Defendant terminated his employment in retaliation for his protected activity.

## JURISDICTION AND VENUE

3. This is an action brought under the FLSA for unpaid overtime wages, and other relief authorized by the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

4. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

5. Plaintiffs are citizens of the United States of America and residents of the State of Georgia.

6. Plaintiff Carlos Martinez has worked on and off for Defendant since 2017. Most recently, Plaintiff Martinez worked for Defendant from approximately 2018 until July 25, 2020. Plaintiff Martinez worked for Defendant as a Driver and regularly performed landscaping duties.

7. Plaintiff Ramon Colon Cruz was employed by Defendant from approximately 2019 to August 2020. Plaintiff Colon Cruz worked for Defendant as a Driver and regularly performed landscaping duties.

8. Defendant Woodvalley Landscape, Inc. is a for-profit Georgia corporation with its principal place of business in Gwinnett County, Georgia, at 1886 Lawrenceville Highway, Lawrenceville, Georgia 30044.

9. Defendant Woodvalley Landscape Inc. may be served with process through its Registered Agent, Paloma Del Llano Ortiz, at 1886 Lawrenceville Highway, Lawrenceville, Georgia 30044.

10. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

11. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

12. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiffs, have handled or otherwise used materials that have been moved or produced in interstate commerce.

13. On information and belief, at all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

14. At all relevant times, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15. At all relevant times, Defendant was an "employer" of Plaintiffs and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

16. Defendant is governed by and subject to 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this action on behalf of themselves and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

18. Plaintiffs and those similarly situated are persons who were, or are, employed by Defendant, were misclassified as independent contractors, and who performed landscaping duties – or performed materially similar work – and worked in excess of forty (40) hours per week at any time within three years prior to the filing of this Complaint without receiving overtime wages at one-and-one-half their regular rate of pay (hereinafter the "FLSA Collective").

19. Most of the members of the FLSA Collective would not be likely to file individual suits because they lack knowledge of their claims, adequate financial resources, and/or access to attorneys.

20. Plaintiffs will fairly and adequately protect the interests of the members of the FLSA Collective and have retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

21. Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members of the FLSA Collective.

## STATEMENT OF FACTS

22. Defendant provides lawn care to customers, including tree maintenance, gutter cleaning, and outdoor repair.

23. Plaintiff Carlos Martinez has worked on and off for Defendant since 2017. Most recently, Plaintiff Martinez worked for Defendant from approximately 2018 until July 25, 2020. Plaintiff Martinez regularly performed landscaping duties.

24. Plaintiff Ramon Colon Cruz was employed by Defendant from approximately 2019 to August 2020. Plaintiff Colon Cruz worked for Defendant as a Driver and regularly performed landscaping duties.

25. Defendant employs non-exempt hourly employees that it misclassifies as independent contractors to perform landscaping duties and to provide lawn care services to their customers (hereinafter the "Non-Exempt Landscapers").

26. The job duties of Defendant's Non-Exempt Landscapers, including Plaintiffs, included: tree cutting, grass cutting, weed trimming, edging, retainer wall installing, and driving to Defendant's customers' locations.

27. Defendant employed Non-Exempt Landscapers to work approximately 8-12 hour shifts, five to six days a week.

28. For example, Defendant routinely scheduled Plaintiffs to work on Monday through Sunday from 7:00 am to 7:00 pm or 7:00 am to 8:00 pm.

29. Plaintiffs and other Non-Exempt Landscapers regularly worked well in excess of 40 hours per workweek.

30. Defendant knew or should have known that Plaintiffs and other Non-Exempt Landscapers regularly worked well in excess of 40 hours per workweek.

31. Each and every week that Plaintiffs worked 8-12-hour shifts for six days in a week, which were the vast majority of their workweeks with Defendant, they worked well in excess of approximately 40 hours.

32. Each and every week that Plaintiffs worked consecutive 8-12-hour shifts for six days in a week, which were the vast majority of their workweeks with Defendant, Defendant failed to pay them overtime wages for time worked in excess of 40 hours per week.

33. Defendant regularly, and as a routine policy and practice, failed to pay Plaintiffs and other Non-Exempt Landscapers at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek. Instead, as a routine policy and practice, Defendant paid Plaintiffs and Non-Exempt Landscapers their regular rate for all time worked, including all time worked in excess of 40 hours per week.

34. Despite Defendant's knowledge of overtime hours worked by Plaintiffs and Non-Exempt Landscapers, Defendants continued their FLSA-Collective-wide practice of misclassifying Plaintiffs and members of the FLSA Collective as independent contractors and failed to pay overtime wages. Defendant required, encouraged, and knowingly permitted Plaintiffs and Non-Exempt Landscapers to work overtime hours, and failed to pay Plaintiffs and members of the FLSA Collective required overtime premium pay when they worked overtime hours.

35. Plaintiffs and other Non-Exempt Landscapers worked at the direction of, and using equipment provided by, Defendant.

36. Defendant directed Plaintiffs' and other Non-Exempt Landscapers' day-to-day job activities including, without limitation: setting their regular work schedules, setting their rates of pay, assigning their work, and determining their work locations.

37. Defendant provided all the material investment in the facilities and equipment Plaintiffs and other Non-Exempt Landscapers members used to perform their jobs, including providing the landscaping equipment and trucks.

38. Plaintiffs and other Non-Exempt Landscapers made little if any investment in Defendant's business enterprise.

39. Plaintiffs and other Non-Exempt Landscapers were compensated by the hour.

40. Defendant's policy and practice of compensating Plaintiffs and other Non-Exempt Landscapers on an hourly basis applied to all members of the FLSA Collective, as did Defendant's policy of failing to pay Plaintiffs and other Non-Exempt Landscapers at one-and-one-half their regular rate for all time worked in excess of 40 hours per week during the time period that they were misclassified as independent contractors.

41. Plaintiffs' and other Non-Exempt Landscapers' wages depended entirely on the number of hours they worked at the rates set by Defendant. Managerial skill and individual initiative were not material factors in Plaintiffs and other Non-Exempt Landscapers' compensation because, *inter alia*, their job duties were assigned and controlled by Defendants, Defendants controlled their schedules, and they were compensated based on the number of hours they worked.

42. On or about July 24, 2020, Plaintiff Carlos Martinez complained to Defendant's Owner, Pablo Lopez, that he was not receiving overtime pay and stated that he did not want to work overtime hours if Defendant was not going to pay him an overtime rate.

43. Following his complaint, Mr. Lopez assured Plaintiff Martinez that he could be released from work earlier from that day forward.

44. The following day, on or about July 25, 2020, Defendant terminated Plaintiff Martinez's employment. Defendant's purported reason for termination was a scheduling conflict.

45. Defendant terminated Plaintiff Martinez in retaliation for his protected activity of complaining that he was not receiving one-and-one-half his regular rate of pay for all time worked in excess of 40 hours per workweek.

46. Defendant's retaliatory termination of Plaintiff Martinez was willful and not in good faith.

47. As a consequence of Defendant's retaliatory termination of Plaintiff Martinez, Plaintiff Martinez has incurred lost wages and has suffered emotional distress.

48. Defendant was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime wages at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

49. On information and belief, Defendant's unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

50. Defendant's failure to pay Plaintiffs and other Non-Exempt Landscapers overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was willful and was not in good faith.

51. As a result of the unlawful acts of Defendant, Plaintiffs and members of the FLSA Collective have been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

## COUNT ONE
### (Individual FLSA Claim Asserted by Plaintiffs)
### <u>Willful Failure to Pay Overtime Wages in Violation of the FLSA</u>

52. Plaintiffs reassert and incorporate by reference all preceding paragraphs of the Complaint.

53. At all relevant times, Defendant Woodvalley Landscape, Inc. has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

54. On information and belief, at all relevant times, Defendant Woodvalley Landscape, Inc. had an annual gross volume of sales made or business done in excess of $500,000.

55. At all relevant times, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

56. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiffs, have handled or otherwise used materials that have been moved or produced in interstate commerce.

57. At all relevant times, Defendant was an "employer" of Plaintiffs and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

58. Defendant is governed by and subject to 29 U.S.C. § 207.

59. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs.

60. The FLSA requires employers, such as Defendant, to compensate non-exempt employees, such as Plaintiffs, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per week.

61. Plaintiffs regularly worked more than 40 hours per workweek during their employment with Defendant.

62. Plaintiffs were non-exempt under the FLSA and Defendant was therefore required to pay them overtime at one-and-one-half their regular rate for all of their time worked in excess of 40 hours per week.

63. Defendant willfully failed to pay Plaintiffs overtime wages at one-and-one-half their regular rate for all time they worked in excess of 40 hours per workweek and instead misclassified them as independent contractors and paid them their regular rate for all time worked.

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of

the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

65. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

66. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

**COUNT TWO**
**(Collective FLSA Claim)**
**Willful Failure to Pay Overtime Wages in Violation of the FLSA**

67. Plaintiffs reassert and incorporate by reference all preceding paragraphs of the Complaint.

68. Plaintiffs seek to represent the following collective group of non-exempt employees who Defendant failed to pay all overtime wages due:

> All persons who meet the definition of Non-Exempt Landscapers (defined in Paragraph 25 above) and who worked for Defendant within three years prior to the filing of this Complaint to present and worked in excess of 40 hours per week in one or more workweeks without receiving overtime wages of one-and-one-half their regular rate.

This is the "FLSA Collective."

69. At all relevant times, Defendant Woodvalley Landscape, Inc. has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

70. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiffs and the FLSA Collective, have handled or otherwise used materials that have been moved or produced in interstate commerce.

71. On information and belief, at all relevant times, Defendant Woodvalley Landscape, Inc. had an annual gross volume of sales made or business done in excess of $500,000.

72. At all relevant times, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

73. At all relevant times, Defendant was an "employer" of Plaintiffs and the FLSA Collective as that term is defined by 29 U.S.C. § 203(d).

74. Defendant is governed by and subject to 29 U.S.C. § 207.

75. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

76. The FLSA requires employers, such as Defendant, to compensate employees such as Plaintiffs and members of the FLSA Collective at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 in each workweek.

77. Defendant required Plaintiffs and other members of the FLSA Collective to work substantially more than 40 hours per workweek.

78. Defendant regularly, and as a routine policy and practice, failed to pay Plaintiffs and other members of the FLSA Collective at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek, and instead misclassified them as independent contractors and paid them their regular rate for all time worked.

79. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

81. Defendant is liable to Plaintiffs and the FLSA Collective for (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## COUNT THREE
### (Individual FLSA Claim Asserted by Plaintiff Carlos Martinez)
### Retaliation in Violation of the FLSA

82. Plaintiff Martinez reasserts and incorporates by reference all preceding paragraphs of the Complaint.

83. Plaintiff Martinez engaged in protected activity under the FLSA by complaining that Defendant was not paying him overtime at a rate of one-and-one-half his regular pay for all time worked in excess of 40 hours per workweek, and stating that he did not want to work overtime hours without receiving overtime pay.

84. In retaliation for Plaintiff Martinez's protected activity, and the day following his protected activity, Defendant terminated Plaintiff Martinez's employment, in violation of the FLSA, and specifically, 29 U.S.C. § 215.

85. Defendant's retaliatory termination of Plaintiff Martinez was willful and not in good faith.

86. As a consequence of Defendant's retaliatory termination of Plaintiff Martinez, he suffered lost wages and emotional distress.

87. As a result of Defendant's retaliation, Plaintiff Martinez is entitled to (a) lost wages, including back pay, front pay and/or reinstatement; (b) liquidated damages; (c) compensatory damages; (d) interest; and (e) attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendant during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b) A declaratory judgment that the Defendant's practices complained of herein are unlawful under the FLSA;

c) An award of unpaid overtime wages due under the FLSA to Plaintiffs and the FLSA Collective;

d) An award of liquidated damages to Plaintiffs and the FLSA Collective as a result of Defendant's failure to pay overtime wages;

e) An award of lost wages, liquidated damages, and compensatory damages to Plaintiff Martinez with respect to Plaintiff Martinez's retaliation claim;

f) An award of prejudgment and post-judgment interest; and

g) An award of costs and expenses of this action, including reasonable attorneys' and expert fees.

Dated this 29th day of September 2020.

                                                Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
Michael D. Forrest
Georgia Bar No. 974300
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue
Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiffs